### NOLAN vs. ROGERS.

APPEAL from the court of the fourth district.

MATHEWS, J., delivered the opinion of the court. This appeal is taken from a decision of the court below, by which an injunction was made perpetual against the defendant, prohibiting him from issuing execution on a judgment, obtained in a previous suit by him against the present plaintiff.

The receipt of an attorney at law for money received on a claim put into his hands for collection, is binding on his client; but he cannot take his own note in payment.

The allegation in the petition, on which the injunction was granted and rendered perpetual, is payment after judgment made to the attorney of the plaintiff in the first suit.

The evidence of the case shows, that the attorney did receive in discharge of the judgment, 207 dollars in his own note, and 100 in a check on the United States' Branch Bank in New-Orleans.

On these facts, two questions of law are raised for solution. 1st. Is payment made to the attorney at law, after judgment obtained, good against the creditor? 2d. If an attorney be legally authorised to receive payment for his client, ought the receipt of any thing, except money, or such things as are ordinarily

NOLAN
*vs.*
ROGERS.

used in the place of it, to be binding on the latter?

As to the first of these questions, we are of opinion that the usage which has uniformly prevailed among attorneys at law, to collect money for a certain per centage, either by receiving it for their clients, before suit commenced or after judgment, is tolerated by the laws of the state, which prescribe their duties, and establish their rights and privileges, and that their receipts and acquittances are binding on the persons who may have employed them. But this authority, thus derived from usage and the law, ought not to be extended beyond the simple receipt of money, or things, which are ordinarily taken in payment of debts, such as bank notes of a bank in good credit, and checks on similar banks. There is something of impropriety on the part of a debtor who attempts to induce an attorney at law to receive for his client, in payment, any thing but money, as that is the only medium by which payments of debts, strictly speaking can be made; to discharge them in any other way must be done by a kind of barter, which is not within the scope of the legal power of licensed attorneys.

East'n. District.
*January* 1826.

Nolan
*vs.*
Rogers.

We are therefore of opinion, that the judgment of the court below is erroneous, so far as it enjoins the defendant from proceeding to levy by execution, on his former judgment, the sum of 207 dollars, which his attorney received in his own note.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered and decreed, that Rogers, the defendant and appellant in the present suit, be allowed to issue execution on his former judgment, so as to effect payment and satisfaction thereof, to the amount of two hundred and seven dollars; and that the appellee pay the costs of this appeal.

*Preston* for the plaintiff, *Duncan* for the defendant.